IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01322-JLK-NYW

ABRIL ANCHONDO-GALAVIZ,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

**ORDER**

---

Magistrate Judge Nina Y. Wang

Pending before the court are two motions relating to the deposition of Sheryl Tanaka which occurred on July 8, 2019 in Honolulu, Hawai'i ("the deposition"):

(1) Defendant State Farm Mutual Automobile Insurance Company's ("Defendant" or "State Farm") Motion to Require Plaintiff Counsel to Tender Exhibits Used During Deposition of Sheryl Tanaka ("the Exhibits Motion") [#73, filed July 16, 2019]; and

(2) Defendant's Motion for Leave to Supplement Oral Deposition of Sheryl Tanaka with Written Questions and Answers Pursuant to F.R.C.P. 31(A)(2) ("the Motion to Supplement"; collectively, with the Exhibits Motions, the "Deposition Motions") [#74, filed July 16, 2019].

The Exhibits Motion alleges that Plaintiff refused to tender written exhibits used in the deposition to defense counsel as required by the Federal Rules. The Motion to Supplement alleges that Plaintiff's counsel's repeated, lengthy, and unexplained absences from the deposition deprived defense counsel of the ability to follow up and ask any questions of his own. These motions were referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order of Reference dated June 11, 2019 [#52], and the Memorandum dated July 16, 2019 [#75]. Based on the Deposition Motions and Plaintiff's Responses [#81; #82] thereto, the Exhibits Motion is **GRANTED** and the Motion to Supplement is **GRANTED IN PART and DENIED IN PART**.

## BACKGROUND

Plaintiff Abril Anchondo-Galaviz ("Plaintiff" or "Ms. Anchondo-Galaviz") filed this action in Denver District Court on May 30, 2018, after being injured in an automobile collision on February 27, 2013. [#3 at ¶ 1]. At the time of the collision, the Tortfeasor had insurance coverage of $25,000 for bodily injury. [*Id.* at ¶ 20]. Plaintiff was insured under Policy No. 206 3169-B11-06A ("Policy") issued by State Farm. [*Id.* at ¶ 15]. Under the Policy, Ms. Anchondo-Galaviz carried $100,000 in uninsured/underinsured ("UI/UIM") motorist coverage and $5,000 in medical pay coverage. [*Id.* at ¶¶ 17, 18].

As a result of the collision, Ms. Anchondo-Galaviz, with State Farm's permission, accepted $25,000 for her bodily injury from the Tortfeasor. [*Id.* at ¶ 23]. Believing the value of her claim to exceed $25,000, Plaintiff requested UIM benefits on May 2, 2016. [*Id.* at ¶ 24]. On July 22, 2016, Defendant sent a first offer of UIM benefits in the amount of $23,416.15, which included a deduction of the $25,000 paid by the Tortfeasor and $5,000 for medical payment benefits. In the subsequent months, Plaintiff and Defendant engaged in correspondence regarding her UIM claim,

and Plaintiff underwent additional medical treatment. [*Id.* at ¶¶ 25-43]. On March 23, 2018, Plaintiff sent medical records to State Farm, and requested policy limits of $100,000. [*Id.* at ¶ 44]. At the time of the filing of the Complaint, State Farm had not paid Plaintiff. [*Id.* at ¶ 47]. Ms. Anchondo-Galaviz asserts three claims: (1) breach of contract; (2) common law bad faith breach of contract; and (3) unreasonable delay and denial pursuant to Colo. Rev.Stat. § 10-3-1115 ("statutory bad faith"). [#3]. She seeks relief in the form of economic damages, non-economic damages, and damages for physical impairment and/or disfigurement, as well as interest, costs, and attorney's fees. [*Id.* at 7].

State Farm removed the action to the United States District Court for the District of Colorado on May 30, 2018. [#1]. It was originally assigned to, and proceeded before, the Honorable Richard P. Matsch. [#5]. Judge Matsch entered a Scheduling Order in this matter on August 27, 2018. [#19]. The Parties proceeded with discovery, but then stipulated to a sixty-day extension of time for certain pretrial deadlines after discovery issues arose, including a dispute over the deposition of Sheryl Tanaka ("Ms. Tanaka"), a former State Farm employee. [#59, #64]. On July 8, 2019, Plaintiff deposed Ms. Tanaka, in Honolulu. [#73 at ¶ 6]. The court now turns to the conduct of that deposition, and the conduct of counsel in this case generally.

## LEGAL STANDARDS

### I. Rule 30

Rule 30 of the Federal Rules of Civil Procedure governs depositions by oral examination. Rule 30(f)(2)(A) provides that "Documents and tangible things produced for inspection during a deposition must, on a party's request, be marked for identification and attached to the deposition. Any party may inspect and copy them." When an attorney taking a deposition questions the

deponent with reference to extrinsic documents, those documents must be marked for inspection, attached to the deposition, and available for inspection and copy.

## II. Rule 31

Rule 31 of the Federal Rules of Civil Procedure governs depositions by written examination. It provides that a party requires leave of court to take a deposition by written questions if the deponent has already been deposed in the case. Fed. R. Civ. P. 31(a)(2)(A)(ii). In addition, Rule 31 sets forth a mechanism by which such examination should proceed. First, "[a] party who wants to depose a person by written questions must serve them on every other party, with a notice stating, if known, the deponent's name and address. … The notice must also state the name or descriptive title and the address of the officer before whom the deposition will be taken." Fed. R. Civ. P. 31(a)(3). Then,

> Any questions to the deponent from other parties must be served on all parties as follows: cross-questions, within 14 days after being served with the notice and direct questions; redirect questions, within 7 days after being served with cross-questions; and recross-questions, within 7 days after being served with redirect questions. The court may, for good cause, extend or shorten these times.

Fed. R. Civ. P. 31(a)(5).

## ANALYSIS

### I. Exhibits Motion

In the Exhibits Motion, State Farm seeks an order directing Plaintiff to tender two documents used in Ms. Tanaka's deposition, identified as 5002PROD and page 71. [#73]. Although the affirmative motion indicates that Plaintiff opposes the relief sought [*id.* at 1], Plaintiff's response indicates that she stipulates to the relief. Accordingly, the Exhibits Motion is **GRANTED**, and Plaintiff is **ORDERED to TENDER** 5002PROD and page 71 no later than **July 29, 2019**.

4

## II. Motion to Supplement

Defendant also seeks leave from the court to supplement Ms. Tanaka's deposition with written questions, arguing that the conduct of Plaintiff's counsel at the deposition precluded it from asking its own questions of Ms. Tanaka, who resides outside of the subpoena power of the court. [#74]. Plaintiff opposes this relief, arguing that Defendant has failed to cite any legal authority to permit State Farm to obtain such additional discovery from Ms. Tanaka and that the conduct of defense counsel contributed to the untimely termination of the deposition. [#81]. Plaintiff argues to the extent that the court permits the re-opening of Ms. Tanaka's deposition, this court should order that the examination be taken by video-conference so that Ms. Tanaka can be fairly examined by both Parties.

Upon review of the Parties' respective submissions, this court concludes that the conduct of both Plaintiff's and Defendant's counsel contributed to the termination of Ms. Tanaka's deposition.[1] Rule 30(d) of the Federal Rules of Civil Procedure prohibits conduct that that impedes, <u>delays</u>, or frustrates the fair examination of a witness. Fed. R. Civ. P. 30(d) (emphasis added). In Response to the Motion to Supplement, Plaintiff provides no adequate justification for the delay in beginning the deposition, or the extended breaks by her counsel throughout the deposition.

Though State Farm's counsel may have been justifiably concerned regarding the management of the deposition time by Plaintiff's counsel, Rule 30 is clear that the presumptive

---

[1] Though not squarely before this court on these instant motions, the court notes that review of deposition testimony associated with Plaintiff's pending Motion for Summary Judgment, reveals a troubling course of conduct. *See e.g.*, [#39-8 at 64:18–71:22; 66:12–15, 66:22–23; 70:15–17]. This court reminds counsel of their duties as officers of the court and suggests that pugnacious conduct should not be mistaken as zealous or effective advocacy.

limit for a deposition under the Federal Rules of Civil Procedure is one day of seven hours. Fed. R. Civ. P. 30(d)(1). The Advisory Committee Notes clearly indicate that "[t]his limitation contemplates that there will be reasonable breaks during the day for lunch and other reasons, and that the only time to be counted is the time occupied by the actual deposition." Advisory Comm. Notes to 2000 Amendment to Rule 30(d)(1). Neither the Rules nor the case law suggests that a party can simply unilaterally terminate an opposing party's deposition examination before the seven hours elapsed. Nor was it proper for State Farm's counsel to suggest to Ms. Tanaka that she did not need to respond to any further questioning by Plaintiff's counsel. [#81 at7]. Rule 30(c)(2) provides that "a person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).

Rule 30(c) unequivocally contemplates that the witness may be subject to cross-examination after the conclusion of the direct examination. Fed. R. Civ. P. 30(c)(1). Because the Parties have not tendered any questions under the procedures of Rule 31 for the opposing side or the court to consider, this court has no avenue by which to consider whether such written questions are appropriate. And this court is concerned that the procedures contemplated by Rule 31 invite further conflict and delay with no real benefit to Ms. Tanaka, who would be required to appear before an officer and provide testimony in response to the questions. Fed. R. Civ. P. 31(b). Therefore, this court finds that the only way to provide for a full and fair examination of the deponent is to permit a limited re-opening of Ms. Tanaka's deposition, not through written questions, but through an oral examination conducted by counsel of record. The court recognizes that given the time differential between Honolulu and Denver, reaching the court for intervention

6

during Ms. Tanaka's original deposition may not have been practicable. Accordingly, such reopened examination will proceed pursuant to Order set forth below.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1) Defendant State Farm Mutual Automobile Insurance Company's Motion to Require Plaintiff Counsel to Tender Exhibits Used During Deposition of Sheryl Tanaka [#73] is **GRANTED**. Plaintiff shall produce all exhibits on or before **Monday, July 29, 2019**;

(2) Defendant's Motion for Leave to Supplement Oral Deposition of Sheryl Tanaka with Written Questions and Answers Pursuant to F.R.C.P. 31(A)(2) [#74] is **GRANTED IN PART and DENIED IN PART**;

> (a) No later than **August 2, 2019,** the Parties shall provide this Magistrate Judge a copy of the full transcript from the original deposition of Ms. Tanaka. The Parties may submit that transcript directly to the chambers of Magistrate Judge Wang at Wang_Chambers@cod.uscourts.gov and need not file it on the public docket;
>
> (b) Any continued deposition shall be noticed by Plaintiff at a time convenient to Ms. Tanaka, to be **concluded no later than 5:00 p.m. Mountain time** on the date of the examination;
>
> (c) The continued deposition will be conducted via telephone before a court reporter in the jury deliberation room of the undersigned Magistrate Judge, on a date that allows this Magistrate Judge to be available to promptly resolve any disputes. The Parties may contact the undersigned's chambers

to identify dates that are available for the court before conferring with Ms. Tanaka;[2]

(d) The continued deposition will begin with an additional ten minutes for Plaintiff's examination and any appropriate cross-examination of Ms. Tanaka by State Farm limited to two hours of on the record time.[3] Any delay to the start time on the part of counsel (either Plaintiff or Defendant) will be forfeited from the time allotted the respective side (e.g., should Plaintiff's counsel appear at 1:15 for a 1:00 p.m. start time, Plaintiff will have forfeited any time she has left for examination); and

(e) Parties will comply with Rule 30(c)(2) and D.C.COLO.LCivR 30.3, or may face sanctions under those Rules.

DATED: July 26, 2019

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

---

[2] To the extent that the court's or Ms. Tanaka's schedules preclude the Parties from completing the deposition prior to the discovery deadline of August 16, 2019, this court will entertain a request for a short extension (seven-day maximum) of discovery solely for the purpose of the continued deposition of Ms. Tanaka.

[3] State Farm did not affirmatively notice Ms. Tanaka's deposition, and accordingly, its examination is limited to the scope of the direct examination of Ms. Tanaka. To the extent that Plaintiff has good cause to extend the direct examination or State Farm has good cause to extend the cross-examination of Ms. Tanaka beyond their allotted time, and the opposing party does not agree, they may raise the issue before this court at the continued deposition.