# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01322-JLK-NYW

ABRIL ANCHONDO-GALAVIZ,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

## ORDER GRANTING IN PART AND DENYING MOTION FOR RELIEF

Magistrate Judge Nina Y. Wang

    Pending before the court is Non-Party Marrick Medical Finance, LLC's Motion for Relief from July 19, 2019 Order and Immediate Stay Pending Ruling ("Motion for Relief"), filed July 24, 2019, [#84], that was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order of Reference dated June 11, 2019, [#52], and the Memorandum dated July 25, 2019, [#85]. Having reviewed the Parties' briefing [#84; #98], the entire docket, and the applicable case law, this court finds that oral argument would not materially assist in the resolution of this matter and **DENIES** the Motion for Relief and **ORDERS** responses to the subpoena consistent with the court's July 19, 2019 Order no later than **September 10, 2019**.

## BACKGROUND

    The background of this case has been detailed in other Orders, *see e.g.* [#77; #88], and therefore will be summarized only as pertinent to the issue presented in the Motion for Relief by Non-Party Marrick Medical Finance, LLC ("Marrick" or "Marrick Medical"). This case arises from an automobile collision that occurred on May 3, 2018, between Plaintiff Abril Anchondo-Galaviz ("Plaintiff" or "Ms. Anchondo-Galaviz") and a third-party tortfeasor. [#3]. As a result of

the collision, Ms. Anchondo-Galaviz sought underinsured motorist coverage ("UIM") benefits from her insurance carrier Defendant State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm"). [*Id.* at ¶ 25]. State Farm did not provide Plaintiff with the benefits she sought, and this action followed.

During discovery in this matter, Plaintiff testified that Marrick paid for her most recent visit with her treating physician, Dr. Masri. [#29-1 at 42:15-17].[1] She further testified that after every doctor's appointment, Marrick called her for a "wellness check." [*Id.* at 42:18-43:2]. On March 22, 2019, Defendant served Marrick a subpoena seeking contents of its file related to Plaintiff, including medical records and payments. [#38]. It appears that on April 8, 2019, counsel for Marrick contacted counsel for State Farm to inform him that Marrick had received the subpoena, and then sought to quash the subpoena, arguing that the information sought was not relevant in part, at least, because of Colorado's collateral source rule and was further precluded based on the work product doctrine. [#38]. This court disagreed, and on July 19, 2019, granted State Farm's Motion to Compel and ordered Marrick to respond to the subpoena no later than July 26, 2019. [#77 at 21].

On July 24, 2019, Marrick filed the instant Motion for Relief seeking relief under Rule 60(b)(1) and (6) of the Federal Rules of Civil Procedure, arguing *inter alia* that State Farm had failed to inform the court that Marrick had objected to the subpoena and had informed State Farm that it was withholding documents because

> Plaintiff is asserting her right to medical privacy. . . . To be clear we are withholding documents that the Plaintiff is not in possession of. However, you requested a lot of records from Marrick that you are likely in possession of as well as the Plaintiff. That is what was unreasonable about your requests. That is why you did not take reasonable steps to avoid imposing an undue burden on a nonparty to this litigation.

---

[1] For ease of reference for transcripts, the court uses the docket number assigned by its Electronic Court Filing ("ECF") system and the page and line numbers from the original transcript.

2

[#84 at 3, 5; #84-5]. Marrick further contended that it should be relieved from the court's July 19 Order because it did not have an opportunity to be heard in the context of Plaintiff's Motion to Quash. [#84].

Defendant responded on August 1, 2019, arguing that it had "never argued that Marrick failed to object or sought relief against Marrick in this case," and that "Marrick had ample notice of this dispute and took no action other than to object to the Subpoena." [#98 at 1-2]. State Farm further contends that Marrick's objections were not "material" to the disputes before the court but would only be relevant in a separate motion to compel against Marrick that has yet to be filed. [*Id.* at 7]. I consider the Parties' arguments and issues below.

## LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
 …
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1), (6). As an initial matter, Rule 60(b) does not strictly apply to interlocutory orders a trial court reconsiders before entry of final judgment. *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC,* No. 06-CV-00037-PAB-CBS, 2010 WL 420046, at *3 (D. Colo. Feb. 1, 2010), *aff'd*, 633 F.3d 951 (10th Cir. 2011) (citing *Houston Fearless Corp. v. Teter,* 313 F.2d 91, 92 (10th Cir.1962)). Instead, Rule 54(b) of the Federal Rules of Civil Procedure states the general rule that, until a trial court enters a final judgment, any order that resolves fewer than all of the claims among all of the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). Thus, reconsideration of interlocutory orders falls within the court's plenary power to

revisit and amend interlocutory orders as justice requires. *See United Fire & Caus. Co.*, 2010 WL 420046, at *3.

But for practical purposes, courts in this District have borrowed the analytical framework of Rule 60(b) for review of interlocutory orders under Rule 54(b). *Entek GRB, LLC v. Stull Ranches, LLC*, 113 F. Supp. 3d 1113, 1119 (D. Colo. 2015), *aff'd*, 840 F.3d 1239 (10th Cir. 2016). Regardless of the precise applicable Rules, courts analyzing whether reconsideration is warranted generally weigh whether there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Using this standard, this court now turns to the arguments of State Farm and non-party Marrick Medical.

## ANALYSIS

This court first notes that Marrick is correct, as State Farm concedes, that it was not informed of Marrick's objections to the subpoena in the context of the Motion to Quash filed by Ms. Anchondo-Galaviz. *See* [#38; #42; #45]. This court further observes that neither Ms. Anchondo-Galaviz nor State Farm attached a copy of the subpoena served on Marrick as part of its briefing associated with Plaintiff's Motion to Quash. *See* [#38; #42; #45]. Accordingly, this court was unaware that the subpoena directed at Marrick had no return date or that Marrick had objected informally to the subpoena on multiple grounds through correspondence with State Farm. This court finds that at least these two facts were previously unavailable during the adjudication of Plaintiff's Motion to Quash.

The import of these two facts, however, does not lead this court to conclude that Marrick should be relieved of its duties to comply with the subpoena served by State Farm or that this court should reconsider its July 19 Order. Contrary to Marrick's argument, this court's ruling on

4

Plaintiff's Motion to Quash did not turn on the observation that Marrick had not objected nor responded to the subpoena at all. [#77 at 10]. Instead, this court considered Plaintiff's arguments, shared by Marrick in part (*see, e.g.*, [#98-2 at 5]), regarding the discoverability of documents arising from the relationship between Marrick and Ms. Anchondo-Galaviz. Rule 45(d)(3) allows a court to quash or modify a subpoena on a "timely motion." Fed. R. Civ. P. 45(d)(3). There is no dispute that Marrick had notice of Plaintiff's Motion to Quash, filed April 11, 2019, on or about the time of filing, *see* [#98-2 at 1; #98-3], and Marrick declined to participate in that proceeding though represented by counsel.

A motion for reconsideration is not an avenue for a party to reargue issues by rehashing facts and arguments already addressed or available, yet neglected, in the original proceeding. *United Fire & Cas. Co.*, 2010 WL 420046, at *3; *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Accordingly, this court finds that to the extent that Marrick's objections overlap with those asserted by Plaintiff through her Motion to Quash and adjudicated by this court in its Order dated July 19, 2019, Marrick has waived those objections (including but not limited to arguments related to medical liens, the application of the collateral source rule, Plaintiff's healthcare or privacy interests under the Health Insurance Portability and Accountability Act ("HIPAA"), and physician-patient privilege) by failing to file or join a timely motion. And to the extent that Marrick withholds any document based on the work product doctrine, it must—as ordered in the July 19 Order—capture them in a compliant privilege log that State Farm and this court can review for adequacy and propriety.[2]

---

[2] To the extent that Marrick asserts that it has "provided [State Farm] with sufficient information to assess our claim of privilege for the documents that you have requested," this court respectfully disagrees.

5

Nevertheless, it appears that Marrick's counsel responded (albeit informally) on April 8, 9, and 10, 2019, *see* [#84-1; #84-3; #84-5], by articulating objections just outside the fourteen-day window contemplated by Rule 45(d)(2)(B) (providing written objections to a subpoena "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."). To the extent that Marrick has objections to the subpoena that are distinct from Plaintiff's arguments regarding relevance and privacy that remain and are articulated in its objections of April 8-10, 2019, this court finds that Marrick has not waived such objections because they were not before the court on Plaintiff's Motion to Quash. *Compare* [#32; #37; #38; #42; #45; #77] *with* [#84-1; #84-3; #84-5]. Accordingly, Marrick must respond to the subpoena, including any remaining objections subject to this Order and a compliant privilege log, no later than **September 10, 2019**. Marrick may not invoke any objections that were not previously articulated in its April 8-10, 2019 correspondence to State Farm.

Because Marrick has not yet produced any documents, it follows that State Farm and Marrick have not fully conferred regarding the documents withheld and whether a compromise can be reached with respect to any withheld documents, including but not limited to an appropriate protective order. As noted by Defendant, only after Marrick's response to the subpoena pursuant to Rule 45 and this Order, as well as this court's July 19 Order, is it appropriate for State Farm and/or Marrick to determine whether it is appropriate to seek relief from the court on any remaining issues.

Given this court's ruling, Marrick's request for stay is moot.[3] In addition, this court is not persuaded that costs and fees associated with Marrick's Motion for Relief is warranted, particularly

---

[3] The court notes that Marrick cited no basis for an immediate stay of this court's July 19 Order. Though styled as a Motion for Relief, this court interpreted Marrick's Motion consistent with D.C.COLO.LCivR 30.2, which contemplates an immediate stay unless otherwise ordered.

since Marrick has failed to articulate any authority for such award, and because it is not the prevailing party. *See, e.g.*, Fed. Rule Civ. P. 54(d)(2)(B)(ii) (requiring a party moving for attorney's fees to "specify the judgment and the statute, rule, or other grounds entitling the movant to the award in party's moving papers"). This court also declines to award any expenses, fees, or costs to State Farm, based on its review of the underlying correspondence between counsel. D.C.COLO.LCivR 30.2 ("A non-prevailing party may be subject to an award of expenses, fees and costs under Fed. R. Civ P. 37(a)(5)").

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)　Non-Party Marrick Medical Finance, LLC's Motion for Relief from July 19, 2019 Order and Immediate Stay Pending Ruling [#84] is **DENIED**;

(2)　Marrick Medical Finance, LLC will **RESPOND** to the March 22, 2019 subpoena **no later than September 10, 2019, consistent with the court's July 19, 2019 Order and this Order**;

(3)　**No further extensions will be permitted absent extraordinary circumstances.**

DATED: September 4, 2019　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　　　／s／ Nina Y. Wang
　　　　　　　　　　　　　　　　　　　　　　Nina Y. Wang
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

However, **no further extensions are permitted absent extraordinary circumstances** given the fact that this subpoena has been outstanding since March 22, 2019, and this court originally ordered compliance no later than July 26, 2019.

7